

**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

*11ᵗʰ Floor, Federal Building*      *(415) 436-7200*
*450 Golden Gate Ave., Box 36055*   *Fax: (415) 436-7234*
*San Francisco, CA 94102-3495*

September 25, 2024

Hon. Molly Dwyer
Clerk, U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, California 94119-3939

      Re:    Letter of Clarification in *United States v. Miller*, C.A. No. 23-3194
               (argument scheduled for November 13, 2024, 9 a.m. in San Francisco,
               Courtroom 1)

Dear Ms. Dwyer:

      The government submits this letter to clarify its position on the standard for materiality in this case.

      The government affirmatively withdraws its argument on pages 38–39 of its answering brief that Miller's proposed instruction—stating that "[a] misrepresentation is material for purposes of the conspiracy to commit mail and wire fraud charge in Count 2 and the mail fraud charges in Counts 3 through 12 if it goes to the very essence of the bargain between MIC and its customer"—was legally unsound.

      This Court's decision *United States v. Milheiser*, 98 F.4th 935 (9th Cir. 2024), recognizes, consistent with other circuits, the viability of a standard that includes statements as to "price or quality, or otherwise to essential aspects of the transaction," but "excludes . . . misrepresentations about collateral matters may have led to the transaction but the buyer still got the product that she expected at the price she expected." *See id.* at 942–44.  As the government explained in its brief in *Ciminelli v. United States*, 598 U.S. 306 (2023), in a prosecution for contracting fraud, "a misrepresentation is material if it 'went to the very essence of

the bargain.'" U.S. Br. 18, *Ciminelli*, *supra* (No. 21-1170); *see id.* at 30, 43–44. That standard, which applies in the False Claims Act context as well, has longstanding roots in tort law and is "similar" to materiality in contract law. *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 192–94 (2016).

In this case, the government maintains its contentions that the district court's refusal to give Miller's proposed instruction was not reversible error because (1) the government advanced a proper theory of fraud at trial, and (2) the jury heard overwhelming evidence that Miller's deceptions implicated an essential aspect of his transactions with the victim-pharmacies—namely, the authenticity, reliability, and quality of the prescription drugs he sold. *See* Gov't Answering Brief 5–16, 38–39; C.A. Dkt. 26, at 2 (Rule 28(j) letter).

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Merry Jean Chan*
MERRY JEAN CHAN
Chief, Appellate Section, Criminal Division

cc:    John D. Cline (by ECF)